Shawn A. Womack, Justice, concurring in part and dissenting in part.
I agree with the majority that, based on the facts specific to this case, the emails *284 exchanged here clearly do not establish a meeting for the purposes of the FOIA. However, I believe that the majority goes further than is necessary to decide this case by judicially expanding the legislatively adopted definitions in the FOIA.
The General Assembly has adopted a broad definition of "public records" that unquestionably encompasses emails as public records. Ark. Code Ann. § 25-19-103(7)(A). However, the definition of "public meetings" in the FOIA does not provide the same affirmative textual clarity to support a definitive conclusion that emails can constitute a public meeting, as the majority has held here. Ark. Code Ann. §§ 25-19-103(6) and 25-19-106.
The majority concedes that the FOIA does not include email communications in its definition of a public meeting. Further, the General Assembly has had the opportunity to amend the definition of a public meeting to include email communication and it has not done so. While there may very well be legitimate policy reasons to include emails and other electronic communications in the public meeting definition as technology advances, our role as judges is to determine what the law is, not what the law should be. For this reason, I concur in part and dissent in part.
Wood, J., joins.